PAUL W. REIDL (State Bar No. 155221)
Law Office of Paul W. Reidl
Second Floor
241 Eagle Trace Drive
Half Moon Bay, CA 94019
(650) 560-8530
paul@reidllaw.com

*Attorney for Central Garden & Pet Company*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CENTRAL GARDEN & PET COMPANY**, <br> a Delaware Corporation <br><br> Plaintiff, <br><br> v. <br><br> **CARLSON MORGAN, LLC,** <br> a California Limited Liability Company, <br><br> Defendant. | Case No. <br><br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT AND RESTITUTION FOR UNJUST ENRICHMENT** |

Plaintiff Central Garden & Pet Company, for its Complaint against Defendant, Carlson Morgan, LLC, alleges the following on information and belief:

## JURISDICTION

1. This is an action for infringement of a Federally registered trademark under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, for infringement of an unregistered mark under the Lanham Act, and for restitution for unjust enrichment.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 (a) and 15 U.S.C. § 1121 and supplemental jurisdiction pursuant to 28 U.S.C. §§1338 (b) and 1367 (b). Acts

Page 1
COMPLAINT

giving rise to the claims asserted herein have been expressly aimed at, have occurred in, and will continue to occur in California and this District.

## VENUE

3. Venue properly lies within this District pursuant to 28 U.S.C. § 1391. This is an intellectual property action and therefore should be assigned on a district-wide basis per Local Civil Rule 3-2(c).

## THE PARTIES

3. Plaintiff Central Garden & Pet Company ("Central Garden & Pet") is a Delaware corporation with its principal place of business in Walnut Creek, California. Among other things, it is in the business of producing and distributing pet food throughout the United States, California and this District.

4. Carlson Morgan, LLC, is a California limited liability company with its principal place of business in Modesto, California. It is in the business of producing and distributing dog "treats" throughout California and in this District.

## BACKGROUND

5. Central Garden & Pet owns numerous brands of pet food that are distributed throughout the United States. One of these is SIMPLY NATURAL. It is used on and in connection with premium grain-free dog food. SIMPLY NATURAL dog food is distributed in four (4) to twenty six (26) pound bags in pet, mass merchandise and grocery stores throughout the United States.

6. Central Garden & Pet owns United States trademark registration no. 2,604,270 for SIMPLY NATURAL for pet food in Class 31. This registration is incontestable under 15 U.S.C. § 1065. The SIMPLY NATURAL trademark has been in use since 2000 and by virtue of its use and extensive promotion it has become a strong and well-known trademark for premium grain-free dog

food originating with Central Garden & Pet.  Central Garden & Pet also owns United States trademark registration no. 4,645,622 for SIMPLY NATURAL and design.

7. The packaging for SIMPLY NATURAL dog food is depicted below:

 

8. Carlson Morgan sells a variety of types of dog and cat treats. These are marketed as premium, grain free, "natural and healthy" protein treats made from "the best ingredients available." One of its brands is SIMPLY NATURAL (or R SIMPLY NATURAL).  This trademark is used on various flavors of dog treats, including beef, duck, lamb, rabbit, tuna jerky, chicken jerky and liver and bacon.  The dog treats are sold in bags ranging from three (3) ounces to twenty four (24) ounces.

9. While it was developing the SIMPLY NATURAL brand for its dog treats, Carlson Morgan filed an intent-to-use trademark application for SIMPLY NATURAL for "dog treats." The Examining Attorney refused registration under Section 2 (d) of the Lanham Act, claiming that the mark was confusingly similar to Central Garden & Pet's registered trademark for SIMPLY NATURAL.  Rather than respecting Central Garden & Pet's trademark rights and abandoning its intended trademark, however, Carlson Morgan embarked on a scheme to appropriate the goodwill in

Central Garden & Pet's trademark. In furtherance of this scheme, Carlson Morgan added the letter "R" to the proposed trademark for certain packages of its dog treats and on its web site. On information and belief this was done in an attempt to distinguish its trademark from Central Garden & Pet's registered trademark.

10. The packaging for premium grain-free dog treats bearing the Carlson Morgan SIMPLY NATURAL trademark is depicted below:

 

11. Carlson Morgan has an extensive web presence. It markets its SIMPLY NATURAL dog treats on a web site, www.cmdogtreats.com. On information and belief it sells its SIMPLY NATURAL dog treats through various distributors in California and elsewhere. It also sells its SIMPLY NATURAL dog treats through on-line retailers such as amazon.com and entirelypets.com.

12. Upon learning of Carlson Morgan's application to register a SIMPLY NATURAL trademark, Central Garden & Pet contacted it and requested that it respect Central Garden & Pet's trademark rights by not using a SIMPLY NATURAL trademark. Carlson Morgan did not respond to that request.

//

13. In adopting its trademark, Carlson Morgan has deliberately and intentionally targeted Central Garden & Pet's business, its brand and its goodwill. Carlson Morgan was on statutory and actual notice of Central Garden & Pet's trademark before it began using the SIMPLY NATURAL mark, and even though it had time to change its trademark it did not do so. It deliberately targeted Central Garden & Pet and its valuable trademark by appropriating the trademark and its goodwill with full knowledge that Central Garden & Pet owns the trademark rights to the term for pet food, and that it is of great value to Central Garden & Pet because the trademark has a tremendous amount of consumer goodwill attached to it. Carlson Morgan is specifically targeting Central Garden & Pet with the intention of destroying the ability of Central Garden & Pet's valuable trademark to function as an indicator of a single source of the goods so that Carlson Morgan can free-ride on the brand recognition, goodwill, investment and success of Central Garden & Pet's brand. Carlson Morgan willfully, deliberately and knowingly adopted and used Central Garden & Pet's trademark for the purpose of promoting its new dog treats, attracting new customers and building its brand. The whole point of Carlson Morgan's conduct is to confuse consumers into thinking that there are two sources of SIMPLY NATURAL dog food products when, up until the launch of Carlson Morgan's dog food/dog treat products there had been only one, and to compete unfairly with Central Garden & Pet by destroying its trademark and causing great harm, injury, and damage to Central Garden & Pet and its valuable brand in the process. That harm, injury and damage will be felt here in this District.

14. On information and belief, Carlson Morgan committed these infringing acts knowing that Central Garden & Pet resides in this District and would suffer any injuries from Carlson Morgan's conduct in this District.

//

//

## CLAIM ONE

### (Infringement of a Federally Registered Trademark, 15 U.S.C. § 1114)

15. The allegations of Paragraphs 1-14 of this Complaint are hereby incorporated by reference.

16. Carlson Morgan began using its trademark in the promotion and sale of premium grain-free dog treats without authorization from Central Garden & Pet. Carlson Morgan's trademark is identical to Central Garden & Pet's registered and incontestable SIMPLY NATURAL trademark. The Carlson Morgan and Central Garden & Pet trademarks are used on nearly identical goods: premium, grain-free dog food and premium grain-free dog treats. In the normal course of trade the goods would be sold and promoted to the same consumers in the same channels of trade. Consumers seeking Central Garden & Pet's dog food and who look for it on the internet are likely to become initially interested in Carlson Morgan's dog treats because it has used Central Garden & Pet's registered trademark. Consumers who see Carlson Morgan's brand are likely to believe mistakenly that the dog treats originate with, are licensed by or are otherwise associated or affiliated with Central Garden & Pet. This unauthorized use of the marks by Carlson Morgan creates a likelihood of confusion and constitutes an infringement of Central Garden & Pet's trademark under 15 U.S.C. §§ 1051 *et seq.*

17. Central Garden & Pet has been and will be injured by Carlson Morgan's use and promotion of its trademark. The use of an identical mark on highly similar goods will undermine if not destroy the goodwill in Central Garden & Pet's trademark and cause damage and injury to it. It will harm Central Garden & Pet's business reputation and goodwill and decrease its business and profits.

//

18. Carlson Morgan's infringing conduct is willful, intentional and in bad faith. It was aware of Central Garden & Pet's registered trademark prior to adopting its trademark and therefore had an opportunity to change its mark prior to the launch of its products. Notwithstanding this knowledge and opportunity, Carlson Morgan made a conscious decision to proceed with its scheme to appropriate the goodwill in Central Garden & Pet's trademark.

**WHEREFORE**, Central Garden & Pet prays for relief as set forth below.

## CLAIM TWO

### (Federal Infringement of an Unregistered Trademark, 15 U.S.C. § 1125)

19. The allegations of Paragraphs 1-18 of this Complaint are hereby incorporated by reference.

20. Central Garden & Pet owns valuable unregistered common law trademark rights in its SIMPLY NATURAL trademark for pet food. It began using this mark for these goods in the United States and California in 2000. This was long prior to Carlson Morgan's use of its mark on the identical goods.

21. The aforementioned acts are likely to confuse consumers into mistakenly believing that the goods sold by Carlson Morgan originate with Central Garden & Pet and are authentic goods of theirs. This constitutes infringement of an unregistered mark under 15 U.S.C. § 1125.

22. These acts are willful and deliberate.

23 As a direct consequence of these unlawful acts and practices, Central Garden & Pet has suffered, and will continue to suffer, damage to its business, reputation and goodwill, for which it is entitled to entitled to relief under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**WHEREFORE,** Central Garden & Pet prays for relief as set forth below.

//

Page 7
COMPLAINT

## CLAIM THREE

### (Restitution Based On Unjust Enrichment)

24. The allegations of Paragraphs 1-23 of this Complaint are hereby incorporated by reference.

25. As a result of Carlson Morgan's conduct, it has been unjustly enriched at the expense of Central Garden & Pet and the law thereby implies a contract by which the Carlson Morgan must pay to Central Garden & Pet the amount by which, in equity and good conscience, Carlson Morgan has been unjustly enriched at the expense of Central Garden & Pet.

**WHEREFORE**, Central Garden & Pet seeks judgment against the Carlson Morgan as follows:

1. An injunction against Carlson Morgan enjoining any further infringement of Central Garden & Pet's trademark; and

2. An award of damages in an amount to be determined at trial; and

3. An enhancement of the damages award for wilful and deliberate conduct as permitted by the Lanham Act; and

4. Costs of suit, including Central Garden & Pet's reasonable attorneys' fees; and

5. An order of remedial advertising as this Court deems just as permitted by the Lanham Act; and

6. Such further relief as this Court deems just.

//
//
//
//

**LAW OFFICE OF PAUL W. REIDL**

By: *[signature: Paul Reidl]*

Paul W. Reidl (CA Bar No. 155221)
LAW OFFICE OF PAUL W. REIDL
Second Floor
241 Eagle Trace Drive
Half Moon Bay, CA 94019
(650) 560-8530
paul@reidllaw.com

Dated: February 7, 2015

*Attorney for Central Garden & Pet Company*