1

2

3

4                       UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7    CENTRAL GARDEN & PET COMPANY,          Case No.  15-cv-00609-JSW   (KAW)

          Plaintiff,
8                                           **REPORT AND RECOMMENDATION
                                            GRANTING PLAINTIFF'S MOTION
9        v.                                 FOR DEFAULT JUDGMENT AGAINST
                                            DEFENDANT CARLSON MORGAN,
10   CARLSON MORGAN, LLC,                    LLC**

          Defendant.
11

12

13          Plaintiff Central Garden & Pet Company ("Central") moves for default judgment against

14   Defendant Carlson Morgan, LLC, on its trademark infringement claim.  (Dkt. No. 16.)  Plaintiff's

15   motion follows an entry of default by the clerk on April 9, 2015.  (Dkt. No. 11.)  Under Federal

16   Rule of Civil Procedure 12(a)(1), Defendant was required to file a pleading or other response

17   within twenty one days of service, no later than June 11, 2015.  Defendant has not appeared in this

18   action, nor did it respond to Plaintiff's complaint or motion for default judgment.

19          This matter was referred to the undersigned for report and recommendation.  On July 2,

20   2015, the Court held a hearing on Plaintiff's motion for default judgment, at which Defendant did

21   not appear.

22          After a review of Plaintiff's pleadings and moving papers, and for the reasons set forth

23   below, the Court recommends that Plaintiff's motion for default judgment be GRANTED.

24          **I.      BACKGROUND AND PROCEDURAL HISTORY**

25          Defendant Carlson Morgan, LLC is a California limited liability company with its

26   principal place of business in Modesto, California.  (Compl. ¶ 4.; Dkt. No. 1.)  Defendant is in the

27   business of producing and distributing dog treats throughout California.  (*Id.*)

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Plaintiff, a Delaware corporation with its principal place of business in Walnut Creek,

2    California, is in the business of producing and distributing pet food throughout the United States.

3    (*Id.* at ¶ 3.)  One of Plaintiff's pet food brands is SIMPLY NATURAL, which it uses in

4    connection with premium grain-free dog food.  (Compl. ¶ 5.)  SIMPLY NATURAL dog food is

5    distributed in four to twenty six pound bags in pet, mass merchandise, and grocery stores.  (*Id.*)

6    Plaintiff's complaint alleges that it is the owner of United States Trademark Registration

7    No. 2,604,270 for SIMPLY NATURAL for pet food in Class 31.  (Compl. ¶ 6.)  Plaintiff alleges

8    that this registration is incontestable pursuant to 15 U.S.C. § 1065.  (*Id.*)  Plaintiff further alleges

9    that it has used the SIMPLY NATURAL trademark since 2000, and that it has become a strong

10    and well-known trademark for premium grain-free dog food.  (*Id.*)  The complaint also alleges that

11    Plaintiff owns United States Trademark Registration No. 4,645,622 for SIMPLY NATURAL and

12    design.  (*Id.*)

13    Defendant sells a variety of dog and cat treats, which it markets as premium, grain-free,

14    and "natural and healthy" protein treats made from "the best ingredients available."  (Compl. ¶ 8.)

15    Defendant uses the trademark SIMPLY NATURAL and R SIMPLY NATURAL on various

16    flavors of dog treats, including beef, duck, lamb, rabbit, tuna jerky, chicken jerky, and liver and

17    bacon.  (*Id.*)  Defendant sells these treats in bags ranging from three ounces to twenty four ounces.

18    (*Id.*)

19    Defendant filed an intent-to-use trademark application for SIMPLY NATURAL for dog

20    treats, but was refused registration under Lanham Act § 2(d) because the trademark was

21    confusingly similar to Plaintiff's registered trademark for SIMPLY NATURAL.  (Compl. § 9.)

22    Plaintiff alleges that Defendant embarked on a scheme to appropriate the goodwill of Plaintiff's

23    trademark when it added the letter "R" to its proposed trademark for certain packages of its dog

24    treats and on its website, in an attempt to distinguish its mark from Plaintiff's trademark.  (*Id.*)

25    Plaintiff alleges that Defendant has an extensive web presence, and that it uses its website

26    www.cmdogtreats.com, as well as online retailers such as amazon.com and entirelypets.com, to

27    market and sell its SIMPLY NATURAL dog treats throughout California and elsewhere.  (*See*

28    Compl. at ¶ 11.)  Plaintiff claims that after it learned of Defendant's application to register its

2

1    trademark, it contacted Defendant and requested that it not use the SIMPLY NATURAL

2    trademark.  (Compl. ¶ 12.)  Defendant did not respond to Plaintiff's request.  (*Id.*)

3         On February 7, 2015, Plaintiff filed the instant suit alleging federal trademark

4    infringement.  (Dkt. No. 1.)  Specifically, Plaintiff alleges that Defendant is infringing on its

5    federally registered trademark for SIMPLY NATURAL for premium grain-free dog treats, as well

6    as on its unregistered trademark for SIMPLY NATURAL for pet food.  (Compl. ¶¶ 16, 20.)

7    Service was made on Defendant's owner at Defendant's corporate offices in Modesto, California.

8    (Dkt. No. 10.)

9         On April 9, 2015, Plaintiff filed a request for entry of default against Defendant.  (Dkt. No.

10   10.)  The Clerk entered default against Defendant on the same day.  (Dkt. No. 11.)  On May 21,

11   2015, Plaintiff filed a motion for default judgment, seeking judgment on its federal trademark

12   infringement claim, an injunction against further acts of infringement, and its attorneys' fees and

13   costs.[1]  (Dkt. No. 16.)  The matter was referred to the undersigned on May 22, 2015 for report and

14   recommendation. (Dkt. No. 17.)

15        On July 2, 2015, the Court held a hearing, at which Defendant did not appear.

## II.      DISCUSSION

### A.  Legal Standard

18        Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a final judgment in a case

19   following a defendant's default.  *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d

20   995, 999 (N.D. Cal. 2001).  Whether to enter a judgment lies within the court's discretion.  *Id*.

21   (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)).

22        Before assessing the merits of a default judgment, a court must confirm that it has subject

23   matter jurisdiction over the case and personal jurisdiction over the parties, as well as ensure the

24   adequacy of service on the defendant.  See *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  If the

25   court finds these elements satisfied, it turns to the following factors ("the Eitel factors") to

26

---

27   [1] Plaintiff asserts that if such judgment is entered, it would voluntarily dismiss the remaining two
28   claims for federal infringement of an unregistered trademark pursuant to 15 U.S.C. § 1125, and
     restitution based on unjust enrichment.  (Pl.'s Mot. at 2.)

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1    determine whether it should grant a default judgment:

2    (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's
3    substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at
     stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6)
4    whether the default was due to excusable neglect, and (7) the strong policy
     underlying the Federal Rules of Civil Procedure favoring decision on the merits.
5

6    *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted).  In this analysis, "the

7    well-pleaded allegations of the complaint relating to a defendant's liability are taken as true."

8    *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *Televideo*

9    *Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)).  Nevertheless, default does not

10   compensate for essential facts not within the pleadings and those legally insufficient to prove a

11   claim. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

12   **B. Subject Matter Jurisdiction and Personal Jurisdiction**

13        This Court has subject matter jurisdiction over this matter because Plaintiff raises claims

14   under federal law, specifically trademark infringement under the Lanham Act, 15 U.S.C. § 1114.

15   29 U.S.C. §§ 1331, 1338.

16        Venue is proper in the Northern District of California under 28 U.S.C. § 1391, as Plaintiff

17   is a corporation with its principal place of business in Walnut Creek, California, which is located

18   within the Northern District, and Plaintiff has suffered injury and harm here due to Defendant's

19   conduct.  (Compl. ¶ 3.)

20        Plaintiff served Defendant with a copy of the summons and complaint in compliance with

21   federal law.  (Dkt. No. 10.)  The Court, therefore, has personal jurisdiction over the parties.  *See*

22   Fed. R. Civ. P. 4(h).

23   **C. Analysis of the *Eitel* factors**

24        Since the Court has jurisdiction in this matter, this Court must turn to the *Eitel* factors to

25   determine whether the entering of a default judgment is appropriate.

26        1.    Prejudice Against Plaintiff

27        Plaintiff will suffer prejudice if the court does not enter a default judgment against

28   Defendant, because Plaintiff would have no means to protect its trademark and collect the

1    reasonable costs that Defendant owes.  *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.  Plaintiff would,

2    therefore, be gravely prejudiced if the Court did not enter default judgment.

3            2.      Merits of Plaintiff's Claim and Sufficiency of the Complaint

4            After entry of default, "well-pled allegations in the complaint regarding liability are

5    deemed true." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The Court will,

6    therefore, consider the merits of Plaintiff's claims and the sufficiency of its pleadings together.

7            Plaintiff alleges that Defendant committed trademark infringement under 15 U.S.C. §

8    1114.  (Compl. ¶¶ 15-17.)  To prove trademark infringement, Plaintiff must show (1) that its

9    marks are valid and protectable trademarks; (2) that plaintiff owns the trademark; (3) that plaintiff

10   used its marks in interstate commerce; (4) that defendant used in commerce a reproduction or copy

11   of a registered trademark in connection with the advertising or sale of goods or services; and (5)

12   that such use is likely to cause confusion, mistake, or deceive consumers.

13           First, Plaintiff has alleged that its SIMPLY NATURAL mark for premium grain-free dog

14   food is a valid and protectable trademark that was registered with the United States Patent and

15   Trademark Office.  Second, Plaintiff has alleged that it owns the trademark.  Third, the complaint

16   alleges that Plaintiff has used its mark in interstate commerce.  Specifically, that Plaintiff has used

17   its SIMPLY NATURAL trademark in connection with the sale of dog food, nationwide, since

18   2000.  Fourth, Plaintiff alleged that Defendant has used its SIMPLY NATURAL and R SIMPLY

19   NATURAL marks in connection with the sale, offering for sale, distribution, and advertising of

20   Defendant's dog treat products.  Finally, Plaintiff has alleged that Defendant's use of Plaintiff's

21   mark is likely to cause confusion by causing consumers to believe that Plaintiff is affiliated or

22   endorses Defendant's business.  Thus, Plaintiff has adequately pleaded a claim for trademark

23   infringement.

24           3.      The Amount of Money at Stake

25           The fourth *Eitel* factor focuses on the amount at issue in the action, as courts should be

26   hesitant to enter default judgments in matters involving large sums of money.  "When the money

27   at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Bd. of*

28   *Trs. v. Core Concrete Const., Inc.*, No. C 11-2532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17,

United States District Court
Northern District of California

1    2012) (citing *Eitel*, 782 F.2d at 1472).  However, when "the sum of money at stake is tailored to

2    the specific misconduct of the defendant, default judgment may be appropriate."  *Id.* (citations

3    omitted).  Here, the amount of money at stake is reasonable as discussed further below.  Therefore,

4    the fourth *Eitel* factor weights in favor of granting default judgment.

5           4.     Likelihood of Dispute Concerning Material Facts

6          With respect to the fifth factor, Defendant has not participated in this action and has not

7    made any attempt to contest any of Plaintiff's material facts or legal assertions, or moved to set

8    aside the entry of default despite being served with all papers.  Even if the material facts were

9    found to be untrue, the effect of a permanent injunction on any non-use of Plaintiff's mark would

10   be negligible, because there would be no conduct to be enjoined, and Defendant could move to set

11   aside the default judgment awarding attorneys' fees and reasonable costs.

12          5.     Whether Default was a Result of Excusable Neglect

13         Plaintiff properly served Defendant with the Summons and Complaint.  Defendant made

14   no appearance in this matter and has not responded to Plaintiff's motion.  Consequently, there is

15   nothing suggesting that Defendant's failure to appear and litigate this matter is based on excusable

16   neglect.  *Shanghai,* 194 F. Supp. 2d at 1005.

17          6.     Federal Rules Preference for a Decision on the Merits

18         After an examination of these facts in the aggregate, this Court finds that the *Eitel* factors

19   favor entry of default judgment despite the Federal Rules of Civil Procedure's preference for a

20   decision on the merits. This Court, therefore, RECOMMENDS an entry of a default judgment.

21        **III.    DAMAGES & INJUNCTIVE RELIEF**

22         After entry of default, well-pleaded factual allegations in the complaint are taken as true,

23   except as to the amount of damages.  *Fair Hous. of Marin*, 285 F.3d at 906.  To recover damages

24   after securing a default judgment, a plaintiff must prove the relief it seeks through testimony or

25   written affidavit.  *Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d

26   1222, 1226 (N.D. Cal. 2005); *see Pepsico, Inc.*, 238 F. Supp. 2d at 1175 (citing *Televideo Sys.,*

27   *Inc.*, 826 F.2d at 917-18).

28         In its complaint and in its motion for default judgment, Plaintiff seeks a permanent

United States District Court
Northern District of California

6

1    injunction forbidding Defendant from using Plaintiff's mark, as well as attorneys' fees and costs.

2    　　　　Plaintiff alleges that Defendant's actions constituted willful, deliberate, and intentional

3    infringement of Plaintiff's federally registered trademark in violation of sections 15 U.S.C. §§

4    1114 and 1125(a) of the Lanham Act.  (Pl.'s Mot. at 6; Compl. ¶ 13.)  An allegation of willful

5    trademark infringement is deemed true on default.  *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528

6    F.3d 696, 702 (9th Cir. 2008).  Furthermore, "[w]illfulness can be established by evidence of

7    knowing conduct or by evidence that the defendant acted with an aura of indifference to plaintiff's

8    rights . . . ."  *Philip Morris USA Inc. v. Liu*, 489 F. Supp. 2d 1119, 1123 (C.D. Cal. 2007).

9    　　　**A.  Injunctive Relief**

10   　　　　Plaintiff seeks to permanently enjoin Defendant from infringing on its SIMPLY

11   NATURAL mark (Reg. No. 2,604,270) in the future.  Injunctive relief is authorized under 15

12   U.S.C. § 1116(a) to prevent violations under § 1125.

13   　　　　Generally, "injunctive relief is the remedy of choice for trademark cases, since there is no

14   adequate remedy at law for the injury caused by defendant's continuing infringement."  *Century*

15   *21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988).  In light of Defendant's

16   potentially ongoing violations of 15 U.S.C. § 1125, the Court believes that permanent injunctive

17   relief is appropriate with respect to the SIMPLY NATURAL mark.  *See Verizon California Inc. v.*

18   *Online NIC*,  C 08-2832 JF (RS), 2008 WL 5352022 (N.D. Cal. Dec. 19, 2008) (citation omitted).

19   Accordingly, the Court recommends that Defendant be enjoined from infringing on Plaintiff's

20   mark.

21   　　　　For the Court's contempt power to apply to this injunction, Defendant "must receive actual

22   notice of the order by personal service or otherwise."  Fed. R. Civ. P. 65(d).  The Court

23   recommends that Plaintiff be instructed to provide proper service of this order, by personal service

24   to the extent possible, within thirty days, and that Plaintiff be ordered to file a copy of the proof of

25   service.

26   　　　**B.  Attorneys' Fees**

27   　　　　Plaintiff next asks the court to grant an award of attorneys' fees in the amount of $8880.00

28   (Decl. of Barry G. Harrison, "Barry Decl.", Dkt. No. 16, ¶4.)

United States District Court
Northern District of California

7

United States District Court
Northern District of California

1    15 U.S.C. § 1117(a) provides that the Court shall award "the costs of the action" where the

2    defendant has violated 15 U.S.C. §§ 1125(a) or (d), and "may award reasonable attorney fees" in

3    exceptional cases.  15 U.S.C. § 1117(a).  Generally, "[a] trademark case is exceptional where the

4    district court finds that the defendant acted maliciously, fraudulently, deliberately, or willfully."

5    *Watec Co. v. Liu*, 403 F.3d 645, 656 (9th Cir. 2005).  Here, Defendant's infringement of Plaintiff's

6    SIMPLY NATURAL trademark appears to be willful, as Defendant had actual knowledge of

7    Plaintiff's mark before it began using its own trademarks.  Specifically, Defendant had knowledge

8    of Plaintiff's mark when its intent-to-use application for SIMPLY NATURAL was refused

9    registration due to Plaintiff's registered trademark.  After its application was denied, Defendant

10   knowingly proceeded to infringe Plaintiff's mark by continuing to sell its products in the stream of

11   commerce under the SIMPLY NATURAL and R SIMPLY NATURAL designations.  Defendant's

12   acts are made even more egregious by the fact that Defendant is using its marks for highly similar

13   goods - premium grain-free dog treats, raising the likelihood of consumer confusion. Additionally,

14   Defendant did not stop its actions even after receiving Plaintiff's cease and desist letter.

15   Accordingly, the Court finds that this is an exceptional case within the meaning of 15 U.S.C. §

16   1117(a).

17       The court may use its discretion to award the prevailing party full recovery of attorneys'

18   fees.  17 U.S.C. § 505.  In calculating reasonable attorneys' fees, the Ninth Circuit applies the

19   Lodestar method.  *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1065 (N.D. Cal.

20   2010).  Under the Lodestar method, the court multiplies a reasonable hourly rate by the reasonable

21   number of hours worked.  *Id.*  A party seeking attorneys' fees bears the burden of demonstrating

22   that the rates requested are "in line with the prevailing market rate of the relevant community."

23   *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006).  Generally, "the relevant

24   community is the forum in which the district court sits."  *Camacho v. Bridgeport Fin., Inc.*, 523

25   F.3d 973, 979 (9th Cir. 2008).  Therefore, the court must analyze the reasonableness of an

26   attorneys' fees award by looking at (1) the reasonableness of the attorneys' hourly rates and (2) the

27   reasonableness of the hours worked.  *See Craigslist*, 694 F. Supp. 2d at 1066.

28   ///

1.   <u>Reasonableness of Attorney's Hourly Rate</u>

Plaintiff's counsel states that his hourly rate is $400 per hour.  (Barry Decl. ¶ 4.)  Counsel asserts that this rate is reasonable in light of his thirty years of experience practicing litigation, including trademark litigation, in California.  (*Id.*)  Furthermore, counsel implies that his rate is reasonable given his experience as former President of the International Trademark Association, and that he has testified several times as an expert witness on trademark issues.  (*Id.*)  He also believes his billing rate to be lower than that of lawyers with comparable experience in Northern California.  (*Id.*)  The Court finds that counsel's hourly rate is reasonable for an attorney with his experience and generally consistent with rates for comparable attorneys doing similar work in this area. *See Craigslist, Inc.*, 694 F. Supp. 2d at 1067 (applying adjusted 2008-2009 *Laffey* matrix for reasonable attorney rates to reflect San Francisco regional factors, court concluded that reasonable hourly rate for an attorney with 20 or more years of experience is $516 per hour.)  Therefore, counsel's hourly rate is reasonable under the circumstances.

2.   <u>Reasonableness of the Hours Worked</u>

Next, the court must determine whether the amount of hours worked is reasonable. Plaintiff's counsel states that he worked a total of 22.2 hours on this matter, which includes the drafting of the complaint, as well as the application for default judgment.  (Barry Decl. ¶ 4.) These hours are reasonable. *See Yahoo!, Inc. v. Net Games, Inc.*, 329 F. Supp. 2d 1179, 1188-89 (N.D. Cal. 2004.) (In trademark infringement action that resulted in default judgment, 74.4 hours for services performed by attorneys was reasonable for purposes of awarding attorney fees.). Therefore, this Court RECOMMENDS that Plaintiff be awarded $8880.00 in attorneys' fees.

**C.  Costs**

Plaintiff seeks an award of reasonable costs in the amount of $504.98, which includes the $400 filing fee, the $65 process server fee, and mailing fees.  (Barry Decl., Dkt. No. 16, ¶5.) These costs appear reasonable. Therefore, the undersigned RECOMMENDS that the district court award costs in the amount of $504.98.

**D.  CONCLUSION**

For the reasons set forth above, the undersigned recommends that Plaintiff's motion for

United States District Court
Northern District of California

1    default judgment be GRANTED, and that the district court award Plaintiff attorneys' fees and

2    costs in the amount of $9384.98.

3        This Court further recommends that Defendant shall comply with the following:

4        (1) Pursuant to the Court's authority under 15 U.S.C. § 1116(a), Defendant, their agents,

5            servants, employees, attorneys, and any and all persons in active concert or

6            participation with any of them, are hereby permanently enjoined and restrained from:

7                a.  Using the SIMPLY NATURAL and R SIMPLY NATURAL marks, or any

8                    mark confusingly similar, in connection with the unauthorized manufacturing,

9                    marketing, promotion, advertising, sale, or distribution of pet treats and pet

10                   food, in a manner likely to confuse consumers as to the association, affiliation,

11                   endorsement, or sponsorship of Central Garden & Pet Company; and

12               b.  Any acts of infringement of Plaintiff's SIMPLY NATURAL trademark.

13       (2) Pursuant to 15 U.S.C. § 1118, Defendant shall destroy all literature, signs, labels,

14           prints, packages, wrappers, containers, advertising materials, stationary, and any other

15           items in its possession or control  for pet treats or pet food that contain the infringing

16           SIMPLY NATURAL and R SIMPLY NATURAL designations, or any term, symbol,

17           or logo confusingly similar to SIMPLY NATURAL, either alone or in combination

18           with other words or symbols and to destroy all computer back-up files and tapes,

19           plates, molds, matrices, masters, and other means in their possession or control of

20           making any of those infringing items.

21       (3) Defendant shall file with the Court and serve on Plaintiff, within thirty days after entry

22           of an injunction, a report in writing, under oath, setting forth, in detail, the manner in

23           which they have complied with the Court's injunction and orders.  Judgment shall be

24           entered accordingly.

25       (4) Additionally, Plaintiff shall serve copies of this report and recommendation on

26           Defendant.

27       Any party may file objections to this report and recommendation with the District Judge

28   within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); N.D.

United States District Court
Northern District of California

10

1    Civil L.R. 72-3.  The parties are advised that failure to file objections within the specified time

2    may waive the right to appeal the District Court's order.  *IBEW Local 595 Trust Funds v. ACS*

3    *Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

4         IT IS SO RECOMMENDED.

5    Dated: July 2, 2015

6                                                    _____
                                                     KANDIS A. WESTMORE
7                                                    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

11